# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CR. NO. 2:06cr0071-MEF** |
| **BERNETTA LASHAY WILLIS** | ) | |
|   **a/k/a "Nettie," "Hot Girl,""Hottie,"** | ) | |
|   **"Hi-Girl," "LaShay," and** | ) | |
| **LITASHA WASHINGTON,** | ) | |
|   **a/k/a "Tasha."** | ) | |

## United States's Proposed Jury Instructions

The United States respectfully requests that the following Proposed Jury Instructions be given to the jury in this case.  The United States also respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 5th day of March, 2007,

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CR. NO. 2:06cr0071-MEF** |
| **BERNETTA LASHAY WILLIS** | ) | |
| a/k/a "Nettie," "Hot Girl,""Hottie," | ) | |
| "Hi-Girl," "LaShay," and | ) | |
| **LITASHA WASHINGTON,** | ) | |
| a/k/a "Tasha." | ) | |

## Certificate of Service

I hereby certify that on March 5, 2007, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted this 5th day of March, 2007,

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

# Government's Requested Jury Instruction No. 1

«INTRODUCTION»

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendants guilty of the crime charged in the indictment.[1]

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1 (Face Page, Introduction).

## Government's Requested Jury Instruction No. 2

«DUTY TO FOLLOW INSTRUCTIONS»

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.[2]

---

[2]  11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1 (Duty to Follow Instructions).

# Government's Requested Jury Instruction No. 3

### «PRESUMPTION OF INNOCENCE»

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.[3]

---

[3] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 2.1 (Presumption of Innocence).

# Government's Requested Jury Instruction No. 4

«DEFINITION OF REASONABLE DOUBT»

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.[4]

---

[4] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 3 (Definition of Reasonable Doubt).

# Government's Requested Jury Instruction No. 5

«CONSIDERATION OF THE EVIDENCE:
ARGUMENT OF COUNSEL, COMMENTS BY THE COURT»

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.[5]

---

[5] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 4.2 (Consideration of the Evidence: Argument of Counsel, Comments by the Court).

# Government's Requested Jury Instruction No. 6

«CONSIDERATION OF THE EVIDENCE:
DIRECT AND CIRCUMSTANTIAL»

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[6]

---

[6]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 4.2 (Consideration of the Evidence: Direct and Circumstantial).

# Government's Requested Jury Instruction No. 7

## «CREDIBILITY OF WITNESSES»

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?[7]

---

[7]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 5 (Credibility of Witnesses).

# Government's Requested Jury Instruction No. 8

«IMPEACHMENT – INCONSISTENT STATEMENT
AND FELONY CONVICTION»

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[8]

---

[8] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 6.2 (Impeachment – Inconsistent Statement and Felony Conviction).

# Government's Requested Jury Instruction No. 9

## «EXPERT WITNESSES»

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.[9]

---

[9] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 7 (Expert Witnesses).

# Government's Requested Jury Instruction No. 10

## «INTRODUCTION TO OFFENSE INSTRUCTIONS»

At this time I will explain the indictment that charges 27 separate offenses[10] called "counts" against Defendants Bernetta Willis and Litasha Washington. I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that Defendants Willis and Washington and others knowingly and willfully conspired together to file false claims in order to defraud FEMA from funds intended for Hurricane Katrina victims. Counts 2 through 31,[11] respectively, charge the commission of what are referred to as substantive offenses, namely that Defendants Willis and Washington stole FEMA funds, filed false claims, and used others' identities in many of their fraudulent applications. Additionally, the indictment charged Defendant Willis with various other charges relating to drugs, guns, lying, and tampering with a witness. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count 1, you will note that the Defendants are not charged in that Count with committing substantive offense; rather, they are charge with having conspired to do so.[12]

---

[10] Counts 11 through 14, which separately charge co-defendant Crystal Phillips, have not been included in this total.

[11] *Id.*

[12] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 8, ¶1. (Introduction to Offenses Instructions (In Conspiracy Cases)).

# Government's Requested Jury Instruction No. 11

«OFFENSE CONDUCT INSTRUCTION –
GENERAL CONSPIRACY CHARGE,
18 U.S.C. § 371»

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense.  So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:          That two or more persons, in some way or manner, came to a  mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:     That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third:        That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

Fourth:       That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.[13]

---

[13] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 13.1 (General Conspiracy Charge, 18 U.S.C. § 371).

# Government's Requested Jury Instruction No. 12

«PINKERTON INSTRUCTION»

In some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Count 2 and insofar as the Defendants are concerned, respectively, if you have first found either Defendant guilty of the conspiracy offense as charged in Count 1 of the indictment, you may also find such Defendant guilty of any of the offense charged in Count 2 even though such Defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

First:      That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

Second:     That the Defendant under consideration was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

Third:      That the commission of such offense by a co-conspirator was reasonably foreseeable consequence of the conspiracy.[14]

---

[14]   11th Cir. Pat. Instr. Crim., Offense Instr. No. 13.5 (Pinkerton Instruction).

# Government's Requested Jury Instruction No. 13

«Offense Conduct Instruction –
Theft of Government Money or Property
18 U.S.C. §641 (First Paragraph)»

Title 18, United States Code, Section 641, makes it a Federal crime or offense for anyone to steal or convert any money or property belonging to the United States having a value of more than $1,000.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

| First: | That the money or property described in the indictment belonged to the United States; |
|---|---|
| Second: | That the Defendant stole or converted such money or property to her own use or to the use of another; |
| Third: | That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken; and |
| Fourth: | That the money or property had a value in excess of $1,000. |

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the Defendant knew that the Government owned the property at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the Government did in fact own the money or property involved, that the Defendant knowingly and willfully stole or converted it, and that it had a value in excess of $1,000.

-17-

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.[15]

---

[15] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 21 (Theft of Government Money or Property, 18 U.S.C. §641 (First Paragraph)).

# Government's Requested Jury Instruction No. 14

«OFFENSE CONDUCT INSTRUCTION –
AGGRAVATED IDENTITY THEFT
18 U.S.C. § 1028A(a)(1)»

Title 18, United States Code, Section 1028A(a)(1), makes it a Federal crime or offense for anyone to use or possess means of identification of another in connection with certain other offenses.[16]

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:          That the defendant knowingly used or possessed the "means of identification" of another person

Second:     That the use or possession was without lawful authority; and

Third:        That the use or possession was during and in relation to a violation of a violation of 18 U.S.C. §641 (theft of government property).[17]

---

[16] 18 U.S.C. §1028A(a)(1).

[17] *United States v. Hines*, 472 F.3d 1038, 1039-40 (8th Cir. 2007); *United States v. Montejo,* 353 F.Supp.2d 643, 655 (E.D.Va. 2005), *aff'd*, 442 F.3d 213 (4th Cir.2006), *cert. denied,* --- U.S. ----, 127 S.Ct. 366 (2006); *United States v. Jimenez*, 2005 U.S. Dist. LEXIS 22407 (D. Mass 2005); *United States v. Crounsset*, 2005 U.S. Dist. LEXIS 29602 (E.D. Va. 2005).

The term "means of identification" includes another person's social security number.[18]  The victim must be an actual person (living or dead),[19] although the defendant need not know whether the victim was an actual person.[20]

To act without lawful authority means to act without the authorization of the issuing government entity to use the means of identification.[21]

---

[18] 18 U.S.C. § 1028(d)(7)(A); 2 L. Sand et al., *Modern Federal Jury Instructions – Criminal*, at 39A-82 (2006 ed.).

[19] 2 L. Sand et al, *supra* note 16 at 39A-83-84; *Jimenez*, 2005 U.S. Dist. LEXIS 22407; *Crounsset*, 2005 U.S. Dist. LEXIS 29602;

[20] *Montejo,* 353 F.Supp.2d 643.

[21]  2 L. Sand et al., *Modern Federal Jury Instructions – Criminal*, at 39A-82.

# Government's Requested Jury Instruction No. 15

«OFFENSE CONDUCT INSTRUCTION –
FALSE CLAIMS AGAINST THE GOVERNMENT
18 U.S.C. § 287»

Title 18, United States Code, Section 287, makes it a Federal crime or offense for anyone to knowingly make a false claim against any department or agency of the United States.

You are instructed that FEMA and the Department of Homeland Security are departments or agencies of the United States within the meaning of that law.

A Defendant can be found guilty of the offense of making a false claim against the Government only if all of the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That the Defendant knowingly presented to an agency of the United States a false and fraudulent claim against the United States, as charged in the indictment; |
| Second: | That the false or fraudulent aspect of the claim related to a material fact; and |
| Third: | That the Defendant acted willfully and with knowledge of the false and fraudulent nature of the claim. |

A claim is "false" or "fraudulent" if it is untrue at the time it is made and is then known to be untrue by the person making it. It is not necessary to show, however, that the Government agency was in fact deceived or misled.

The making of a false or fraudulent claim is not an offense unless the falsity or fraudulent aspect of the claim relates to a "material" fact. A misrepresentation is

"material" if it relates to an important fact, as distinguished from some unimportant or

trivial detail, and has a natural tendency to influence, or was capable of influencing, the

decision of the department or agency in making a determination required to be made.[22]

_____

[22]    11th Cir. Pat. Instr. Crim., Offense Instr. No. 11.2 (False Claims Against the Government, 18 U.S.C. § 287).

# Government's Requested Jury Instruction No. 16

«OFFENSE CONDUCT INSTRUCTION –
THREATENING A WITNESS
18 U.S.C. § 1512(a)(2)(A)»

Title 18, United States Code, Section 1512(a)(2)(A), makes it a Federal crime or offense for anyone to use or attempt to use physical force or the threat physical force with the intent to influence, delay, or prevent the testimony of another in an official proceeding.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the defendant used physical force or the threat of physical force or attempted to do so against another; and

Second:    That the defendant did so with intent to influence, delay, or prevent the testimony of that person in an official proceeding.[23]

The term "physical force" means physical action against another, and includes confinement.[24]

An official proceeding is a proceeding in any federal court, federal grand juries, congressional hearings, federal agencies, and interstate insurance.[25] There is no need,

---

[23] 18 U.S.C. §1512(a)(2)(A).

[24] 18 U.S.C. §1515(a)(2).

[25] *United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998) (citing 18 U.S.C. §1515(a)(1)).

however, for the Government to prove that there was a federal investigation pending

against the defendant at the time of the witness tampering.[26]

---

[26] 18 U.S.C. § 1512(e)(1); *United States v. Davis*, 357 F.3d 726 (8th Cir. 2004), *rev'd on other grounds*, 543 U.S. 1099 (2005); *United States v. Amato*, 86 Fed. Appx. 447 (2d Cir. 2004); *United States v. Scaife*, 749 F.2d 338, 348 (6th Cir. 1984).

# Government's Requested Jury Instruction No. 17

«OFFENSE CONDUCT INSTRUCTION –
CARRYING/POSSESSING A FIREARM DURING
OR IN FURTHERANCE OF CRIME OF VIOLENCE
18 U.S.C. § 924(c)(1)»

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to or possess a firearm in furtherance of a crime of violence.

The Defendant can be found guilty of that offense as charged in Count 28 of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:  That the Defendant committed the crime of violence charged in Count 27 of the indictment;

Second:  That during the commission of that offense the Defendant knowingly carried or possessed a firearm, as charged; and

Third:  That the Defendant carried the firearm "in relation to" or possessed the firearm "in furtherance of" the crime of violence.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" or "possess" a firearm means that the Defendant either had a firearm on or around her person or transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the Defendant so desired during the commission of the

crime of violence; and to carry a firearm "in relation to" an offense means that there must be a connection between the Defendant, the firearm, and the crime of violence so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a crime of violence and possessed a firearm in furtherance of rime of violence. It is charged, in other words, that the Defendant violated the law as charged in Count in two separate ways. It is not necessary, however, for the Government to prove that the Defendant violated the law in both of those ways. It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in either way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.[27]

---

[27] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 35.2 (Carrying/Possessing a Firearm During or in Furtherance of Crime of Violence, 18 U.S.C § 924(c)(1)(A)).

# Government's Requested Jury Instruction No. 18

«OFFENSE CONDUCT INSTRUCTION –
CONTROLLED SUBSTANCES (POSSESSION WITH INTENT TO DISTRIBUTE)
21 U.S.C. § 841(a)(1)»

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it. Marajuana is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly and willfully possessed the marajuana as charged;

Second:   That the Defendant possessed the substance with the intent to distribute it; and

Third:     That the weight of the possessed by the Defendant was in excess of as charged.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.[28]

_____

[28] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 85 (Controlled Substances (Possession with the Intent to Distribute), 21 U.S.C § 841(a)(1)).

# Government's Requested Jury Instruction No. 19

«Offense Conduct Instruction –
Carrying/Possessing a Firearm During or
in Furtherance of Drug Trafficking Offense
18 U.S.C. § 924(c)(1)»

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to or possess a firearm in furtherance of a drug trafficking offense.

The Defendant can be found guilty of that offense as charged in Count 30 of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:        That the Defendant committed the drug trafficking offense charged in Count 29 of the indictment;

Second:    That during the commission of that offense the Defendant knowingly carried or possessed a firearm, as charged; and

Third:       That the Defendant carried the firearm "in relation to" the or possessed the firearm "in furtherance of" the drug trafficking offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" or "possess" a firearm means that the Defendant either had a firearm on or around her person or transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the Defendant so desired during the commission of the drug trafficking offense; and to carry a firearm "in relation to" an offense means that there

-28-

must be a connection between the Defendant, the firearm, and the drug trafficking offense so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a drug trafficking offense and possessed a firearm in furtherance of a drug trafficking offense. It is charged, in other words, that the Defendant violated the law as charged in Count in two separate ways. It is not necessary, however, for the Government to prove that the Defendant violated the law in both of those ways. It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in either way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.[29]

---

[29] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 35.2 (Carrying/Possessing a Firearm During or in Furtherance of Drug Trafficking Offense, 18 U.S.C § 924(c)(1)(A)).

# Government's Requested Jury Instruction No. 20

«OFFENSE CONDUCT INSTRUCTION –
FALSE STATEMENT TO FEDERAL AGENCY
18 U.S.C. § 1001(a)(2)»

Title 18, United States Code, Section 1001, makes it a Federal crime or offense for anyone to willfully make a false or fraudulent statement to a department or agency of the United States.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:          That the Defendant made the statement, as charged;

Second:     That the statement was false;

Third:        That the falsity related to a material matter;

Fourth:      That the Defendant acted willfully and with knowledge of the falsity; and

Fifth:         That the false statement was made or used in relation to a matter within the jurisdiction of a department or agency of the United States, as charged.

A statement document is "false" when made if it is untrue and is then known to be untrue by the person making it. It is not necessary to show, however, that the Government agency was in fact deceived or misled. A false "no" in response to Government agents conducting an investigation is a false statement as it concerns the first two things the Government must prove as previously stated.

-30-

The United States Marshals is a component of the Department of Justice, which is an "agency of the United States."

The making of a false statement is not an offense unless the falsity relates to a "material" fact. A misrepresentation is "material" if it has a natural tendency to affect or influence, or is capable of affecting or influencing, the exercise of a government function. The test is whether the false statement has the capacity to impair or pervert the functioning of a governmental agency. In other words, a misrepresentation is material if it relates to an important fact as distinguished from some unimportant or trivial detail.

# Government's Requested Jury Instruction No. 21

«ON OR ABOUT; KNOWINGLY; WILLFULLY»

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.[30]

---

[30] 11th  Cir. Pat. Instr. Crim. No.  9.1 (On or About; Knowingly; Willfully).

-32-

# Government's Requested Jury Instruction No. 22

«AIDING AND ABETTING – 18 U.S.C. § 2»

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by that Defendant, or if that Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associated in some way with the crime, and willfully participated in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.[31]

---

[31]  11th  Cir. Pat. Instr. Crim., Special Instr. No. 7 (Aiding and Abetting – 18 U.S.C. § 2).

# Government's Requested Jury Instruction No. 23

«CAUTION – PUNISHMENT, MULTIPLE DEFENDANTS – MULTIPLE COUNTS»

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually.  The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted, the matter of punishment is for the Judge alone to determine later.[32]

---

[32] 11th Cir. Pat. Instr. Crim., Basic No. 10.4 (Caution – Punishment, Multiple Defendants – Multiple Counts).

# Government's Requested Jury Instruction No. 24

«VERDICT»

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

[Explain verdict form]

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[33]

---

[33] 11th  Cir. Pat. Instr. Crim., Basic No. 12 (Verdict).

# Government's Requested Jury Instruction No. 25

«DUTY TO DELIBERATE»

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[34]

---

[34] 11th  Cir. Pat. Instr. Crim., Basic No. 11 (Duty to Deliberate).